IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUDY DRISCOLL,

    Plaintiff,

v.                                                                                                                   CV 19-0026 JHR/KK

COSTCO WHOLESALE CORPORATION and
GALLAGHER BASSETT SERVICES,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

This case comes before the Court on Plaintiff Judy Driscoll's Motion to Remand [Doc. 9] and Memorandum in support [Doc. 10], filed January 28, 2019. Defendant Gallagher Bassett Services ("GB") filed a Response and Ms. Driscoll filed a Reply, completing the briefing on February 18, 2019. [Docs. 15, 16].[1] Ms. Driscoll has also filed a request for a hearing on her Motion to Remand. [*See* Docs. 18, 19]. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned Magistrate Judge to preside over this case and enter final judgment. [Docs. 6, 13, 14]. Having considered the parties' arguments and all pertinent authority, the Court **denies** Ms. Driscoll's Motion to Remand and, **denies** her request for a hearing on these matters, for the reasons set forth below.

    **I.**     **BACKGROUND**

Ms. Driscoll tripped and fell while shopping at one of Defendant Costco Wholesale Corporation's ("Costco") stores on December 2, 2017. [*See* Doc. 1, p.7]. She retained counsel, and commenced negotiations with Defendant GB, Costco's Third Party Claims Administrator. [*See*

---

[1] The Court notes that a formal Notice of Completion of briefing, required by Local Rule 7.4(e) was not filed until March 26, 2019. *See* D.N.M.LR-Civ. 7.4(e).

1

Doc. 10-1, pp. 1-2]. After negotiations stalled, Ms. Driscoll filed her Complaint for Damages on June 27, 2018, in the Second Judicial District Court, County of Bernalillo, State of New Mexico. [*See generally* Doc. 1, pp. 7-8]. As noted in the case caption, Ms. Driscoll named both Costco and GB as Defendants. [*Id.*].

A day later, on June 28, 2018, Ms. Driscoll's attorney faxed a copy of her Complaint to GB's adjuster assigned to the claim against Costco. [*See* Doc. 10-1, pp. 4-6]. However, Ms. Driscoll served neither Defendant until November 5, 2018, when she served Costco with a copy of the Complaint and her first discovery requests. [*See* Doc. 10-1, pp. 7-9]. After receiving an extension, Costco filed an Answer to Ms. Driscoll's Complaint in state court on January 3, 2019. [Doc. 1, pp. 13-17]. GB, which has still not been served, filed a Notice of Removal in this Court on January 11, 2019, asserting that it "received notice of service of summons upon Defendant Costco … on December 20, 2018." [Doc. 1, p. 2]. GB invokes this Court's diversity jurisdiction, positing that the parties are diverse and the matter in controversy exceeds the jurisdictional minimum. [*See* Doc. 1, p.3].

Ms. Driscoll now moves to remand her case to state court. [*See generally* Doc. 10]. As grounds, Ms. Driscoll asserts that GB's removal of the case was untimely under 28 U.S.C. § 1446(b), because she faxed her Complaint to GB on June 28, 2018, thereby triggering GB's deadline to remove within 30 days. [Doc. 10, p. 5]. Alternatively, Ms. Driscoll argues that she intends to name Costco's local manager as a defendant in this case, thereby defeating diversity. [Doc. 10, p. 6]. However, she has not done so because Costco has not responded to her first set of discovery, which she served with her Complaint in state court. [*Id.*, pp. 6-7]. In response, GB argues, without citing any authority, that "a defendant should not be deemed to be in receipt of an initial pleading for purposes of the removal statute until at least one defendant has been properly

served with the Summons and Complaint; before such time there is no legal requirement for any party to take action on the Complaint." [Doc. 15, pp. 2-3]. GB also points out that it still has not been served with the Summons and Complaint. [*Id.*, p. 3]. Finally, GB argues that diversity is determined at the time of filing and, because Costco is already a named Defendant, "there is no reason to think that a Costco manager, under the circumstances alleged in the Complaint, would have been acting outside the course and scope of his employment…." [*Id.*, p. 4]. In Reply, Ms. Driscoll points out that, under GB's argument, the Notice of Removal was still untimely. Moreover, she argues that she may permissibly join the Costco manager under 28 U.S.C. 1447(e), which would require remand later in this case. [*See* Doc. 16, p. 2].

## II.     LEGAL STANDARDS

Title 28, Section 1446 of the United States Code governs the procedure for the removal of civil actions from state to federal court. *See generally* 28 U.S.C. § 1446. It provides, in relevant part, that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…." 28 U.S.C. § 1446(b)(1) (emphasis added). "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons…." 28 U.S.C. § 1446(b)(2)(B). As stated by the United States Supreme Court in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999):

> [w]e read Congress' provisions for removal in light of a bedrock principle: An individual or entity named as a defendant is not obliged to engaged in litigation unless notified of the action, and brought under a court's authority, by formal process. Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.

*Id.* at 347-348. "Before this ruling, many federal courts had ruled that the defendant's receipt of a courtesy copy of the complaint initiated the statutory thirty-day period to remove." *Mach v. Triple D Supply, LLC*, 773 F.Supp. 2d 1018, 1032 (D.N.M. 2011). "The Supreme Court noted that the 'service or otherwise' language in § 1446(b) did not do away with the requirement to serve the defendant, but was Congress's (sic) way to account for different state rules for filing or serving the summons and complaint…. In New Mexico, where both the summons and complaint must be served simultaneously, the 'or otherwise' language has no effect." *Armijo v. Flansas*, CV 17-0665 WJ/JHR, 2017 WL 6001768, at *4 (D.N.M. 2017).

Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states[.]" *Id.* Thus, under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the palace where such action is pending." *Id.*

> It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought…. This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure. It measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of the facts that existed at the time of filing—whether the challenge be brought shortly after filing, after trial, or even for the first time on appeal…. We have adhered to the time-of-filing rule regardless of the costs it imposes.

*Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-571 (2004) (citations and quotations omitted); *see MTGLQ Investors, LP v. Wellington*, CV 17-0487 KG/LF, 2019 WL 2370256, at *4 (D.N.M. 2019) ("[I]t is well-established that a defendant properly removes a case to federal court if federal jurisdiction requirements exist at the time of removal."). However, this

4

is not to say that a case may never be remanded after removal. Pursuant to 28 U.S.C. § 1447(e): "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Id.*

Finally in this district, "[a] motion will be decided on the briefs unless the Court sets oral argument." D.N.M.LR-Civ. 7.6(a).

### III. ANALYSIS

Applying these principles to the present case, the Court finds that Ms. Driscoll's Motion to Remand is not well-taken and must be denied. Although neither party cites it,[2] the analysis and result here is dictated by *Murphy Bros*, which the Court finds to be on all fours with the present case. There, as here, the plaintiff filed a complaint in state court and faxed a "courtesy copy" of the filed-stamped complaint to one of the defendant's vice presidents; however, the plaintiff did not officially serve the defendant until a later date. *Murphy Bros.*, 526 U.S. at 348. After the case was removed to federal court, the plaintiff moved to remand, arguing, as here, that the language of Section 1446(b) started the removal clock upon the defendant's receipt of the complaint, not upon the service date. *Id.* at 348-349. The Supreme Court rejected this argument. Instead, it held, as stated above, that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal

---

[2] The Court notes that under Federal Rule of Civil Procedure 11(b)(2), "[b]y presenting to the court a … written motion or other paper … and attorney … certifies to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances*: … the … legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2) (emphasis added). Moreover, under this Court's Local Rules, "[a] motion, response or reply must cite authority in support of the legal positions advanced." D.N.M.LR-Civ. 7.3(a). While the Court will not sanction the parties or their counsel for their failure to cite, reference, or distinguish *Murphy Bros*, the Court hereby admonishes counsel that future failures to cite binding authority in support of a party's moving papers may lead to the imposition of sanctions under either Rule 11, 28 U.S.C. § 1927, or the Court's inherent powers.

5

service." *Id.* at 347-348. The Court explained that "[s]ervice of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. The Court went on to note that "[w]hen Congress enacted § 1446(b), the legislators did not endeavor to break away from the traditional understanding." *Id.* at 351. The Court then explained why Congress chose the "or otherwise" language – to ensure uniform application of the removal statutes amongst the states, as some states (such as New York) did not require service of the summons with the complaint. *Id.* Thus, as noted above, "[i]n New Mexico, where both the summons and complaint must be served simultaneously, the 'or otherwise' language has no effect." *Armijo*, 2017 WL 6001768, at *4. In sum, Ms. Driscoll's position - that her act of faxing a courtesy copy of her Complaint to GB started the removal clock - has been and is rejected. Ms. Driscoll does not contest the fact that GB did not receive notice of her complaint until December 20, 2018. As she never served GB, its deadline to remove this case was never triggered, rendering her argument under Section 1446(b) without merit.

The Court also rejects Ms. Driscoll's attempt to salvage her Motion by arguing her intent to name a non-diverse defendant. The Supreme Court has made clear that jurisdiction is to be examined at the time of removal. *Grupo Dataflux*, 541 U.S. at 570-571. Where, as here, the parties named in the caption are diverse, the Court is obligated to retain jurisdiction. Moreover, if after this case proceeds to discovery Ms. Driscoll successfully locates and names another non-diverse defendant, she may seek remand at that juncture pursuant to 28 U.S.C. § 1447(e). At this junction, however, Ms. Driscoll's Motion to Remand must be denied.

In light of the above analysis, there is nothing to be gained from oral argument on Ms. Driscoll's Motion. As such, her request for a hearing is also denied.

## IV. CONCLUSION

Ms. Driscoll's position in favor of remand was rejected by the Supreme Court in *Murphy Bros.* roughly 20 years ago. She has also failed to demonstrate that the parties to this case were not diverse at the time of removal.

IT IS THEREFORE ORDERED that Ms. Driscoll's Motion to Remand [Doc. 9] and request for a hearing on the same [Docs. 18, 19] are **denied**.

_____
Jerry H. Ritter
U.S. Magistrate Judge
Presiding by Consent

7